Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DIANE BLACKMAN, an individual;
DOUG CAVANAUGH, an individual;
OLIVIER DELMAS, an individual; ERIC
FAN, an individual; JAY FLECK, an
individual; BENJAMIN GEIGER, an
individual; NINA GRONLUND, an
individual; NEIL HAMPTON, an
individual; STEPHEN HARRIS, an
individual; AGATA KAMIENSKA, an
individual; WILLIAM CHUA TIONG
KENG, an individual; CHOW HON
LAM, an individual; JENNIFER LE
FEUVRE, an individual; JAMIE
MARSHALL, an individual; DAMIEN
MASON, an individual; MARIO
SANCHEZ NEVADO, an individual;
NICKERSTICKERS, INC., a Washington
corporation; DAVID OLENICK, an
individual; LIZA PHOENIX, an
individual; ALAN PIRIE, an individual;
NATHAN RYDER, an individual;
JENNIFER SMITH, an individual;

Case No.:

PLAINTIFFS' COMPLAINT FOR:

1. COPYRIGHT
   INFRINGEMENT;

2. VICARIOUS AND/OR
   CONTRIBUTORY
   COPYRIGHT
   INFRINGEMENT; AND

3. VIOLATION OF 17 U.S.C.  §
   1202

Jury Trial Demanded

- 1 -

COMPLAINT

BALAZS SOLTI, an individual; JYNELL ST. JAMES, an individual; KARIN TAYLOR, an individual; ZACH TERRELL, an individual; SIERRA TIEGS, an individual; and MAIKE VIERKANT, an individual;

Plaintiffs,

v.

TEESPRING, INC., a Delaware Corporation; and DOES 1-3;

Defendants.

---

Plaintiffs DIANE BLACKMAN, DOUG CAVANAUGH, OLIVIER DELMAS, ERIC FAN, JAY FLECK, BENJAMIN GEIGER, NINA GRONLUND, NEIL HAMPTON, STEPHEN HARRIS, AGATA KAMIENSKA, WILLIAM CHUA TIONG KENG, CHOW HON LAM, JENNIFER LE FEUVRE, JAMIE MARSHALL, DAMIEN MASON, MARIO SANCHEZ NEVADO, NICKERSTICKERS, INC., DAVID OLENICK, LIZA PHOENIX, ALAN PIRIE, NATHAN RYDER, JENNIFER SMITH, BALAZS SOLTI, JYNELL ST. JAMES, KARIN TAYLOR, ZACH TERRELL, SIERRA TIEGS, and MAIKE VIERKANT ("Plaintiffs" or "Artists"), by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

## **INTRODUCTION**

Plaintiffs are national and international artists and designers whose unique and imaginative works have been misappropriated and incorporated into unauthorized

COMPLAINT

1 | apparel and consumer goods, which items are then marketed and sold to the public.
2 | Despite Defendant's knowledge of the infringement, Plaintiffs' rights continue to be
3 | violated. This action is brought to address the widespread and ongoing infringement
4 | of Plaintiffs' rights in and to their artworks.

5 |

6 | **JURISDICTION AND VENUE**

7 |     1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101
8 | *et seq.*

9 |     2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and
10 | 1338 (a) and (b).

11 |     3. This Court has personal jurisdiction over Defendant because Defendant has
12 | a continuous, systemic and substantial presence in California, including within this
13 | judicial district, and has its principal place of business located in California.

14 |     4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and
15 | 1400(a) in that this is the judicial district in which Defendant can be found and in
16 | which a substantial part of the acts and omissions giving rise to the claims occurred.

17 | **PARTIES**

18 |     5. Plaintiff DIANE BLACKMAN ("BLACKMAN") is an individual domiciled
19 | and residing in Oakland, California;

20 |     6. Plaintiff DOUG CAVANAUGH ("CAVANAUGH") is an individual
21 | domiciled and residing in Ferndale, Pennsylvania;

22 |     7. Plaintiff OLIVIER DELMAS ("DELMAS") is an individual domiciled and
23 | residing in Poitiers, France;

24 |     8. Plaintiff ERIC FAN ("FAN") is an individual domiciled and residing in
25 | Ontario, Canada;

26 |     9. Plaintiff JAY FLECK ("FLECK") is an individual domiciled and residing in
27 | Shorewood, Illinois;

28 |

COMPLAINT

1    10. Plaintiff BENJAMIN GEIGER ("GEIGER") is an individual domiciled and

2  residing in Temple City, California;

3    11.  Plaintiff NINA GRONLUND ("GRONLUND") is an individual domiciled

4  and residing in Utrecht, Netherlands;

5    12.  Plaintiff NEIL HAMPTON ("HAMPTON") is an individual domiciled and

6  residing in Bristol, United Kingdom;

7    13.  Plaintiff STEPHEN HARRIS ("HARRIS") is an individual domiciled and

8  residing in Victoria, Australia;

9    14.  Plaintiff AGATA KAMIENSKA ("KAMIENSKA") is an individual

10  domiciled and residing in Attica, Greece;

11    15.  Plaintiff WILLIAM CHUA TIONG KENG ("KENG") is an individual

12  domiciled and residing in Punggol, Singapore;

13    16.  Plaintiff CHOW HON LAM ("LAM") is an individual domiciled and

14  residing in Kuala Lumpur, Malaysia;

15    17.  Plaintiff JENNIFER LE FEUVRE ("LE FEUVRE") is an individual

16  domiciled and residing in the Western Cape, South Africa;

17    18.  Plaintiff JAMIE MARSHALL ("MARSHALL") is an individual domiciled

18  and residing in Williamsport, Pennsylvania;

19    19.  Plaintiff DAMIEN MASON ("MASON") is an individual domiciled and

20  residing in Victoria, Australia;

21    20.  Plaintiff MARIO SANCHEZ NEVADO ("NEVADO") is an individual

22  domiciled and residing in Madrid, Spain;

23    21.  Plaintiff NICKERSTICKERS, INC. is a Washington Corporation doing

24  business in Olympia, Washington;

25    22.   Plaintiff DAVID OLENICK ("OLENICK") is an individual domiciled and

26  residing in Haddonfield, New Jersey;

27

28                                          - 4 -

23.  Plaintiff LIZA PHOENIX ("PHOENIX") is an individual domiciled and residing in Seattle, Washington;

24.  Plaintiff ALAN PIRIE ("PIRIE") is an individual domiciled and residing in Trondheim, Norway;

25.  Plaintiff NATHAN RYDER ("RYDER") is an individual domiciled and residing in South Yorkshire, United Kingdom;

26.  Plaintiff JENNIFER SMITH ("SMITH") is an individual domiciled and residing in Auckland, New Zealand;

27.  Plaintiff BALAZS SOLTI ("SOLTI") is an individual domiciled and residing in Budapest, Hungary;

28.  Plaintiff JYNELL ST. JAMES ("ST. JAMES") is an individual domiciled and residing in Victoria, Australia;

29.  Plaintiff KARIN TAYLOR ("TAYLOR") is an individual domiciled and residing in New South Wales, Australia;

30.  Plaintiff ZACH TERRELL ("TERRELL") is an individual domiciled and residing in Bolingbrook, Illinois;

31.  Plaintiff SIERRA TIEGS ("TIEGS") is an individual domiciled and residing in Richland Center, Wisconsin;

32.  Plaintiff MAIKE VIERKANT ("VIERKANT") is an individual domiciled and residing in Limburg, Netherlands.

33.  Plaintiffs are informed and believe and thereon allege that Defendant TEESPRING, INC. ("TEESPRING") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 77 Geary Street, 5th Floor, San Francisco, California 94108.

34. Plaintiffs are informed and believe and thereon allege that some of Defendants Does 1 through 3, inclusive, are screen printers, manufacturers and/or vendors of garments and consumer goods to Defendant, which Doe Defendants have

printed, manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric and other consumer goods incorporating Plaintiffs' copyrighted designs (as hereinafter defined), without Plaintiffs' knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiffs, which therefore sue said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

35.  Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## CLAIMS RELATED TO THE ARTWORK

36. Prior to the conduct complained of herein, Plaintiffs composed over 1,000 original artworks for use in various industries, including the apparel and consumer goods industries.  **Exhibits A through BB** consist of exemplars of Plaintiffs' respective artworks (hereinafter "Subject Artworks").  The Subject Artworks are creations of Plaintiffs and are, and at all relevant times were, owned in exclusivity by Plaintiffs.

37. Plaintiffs domiciled and/or residing in the United States have applied for and/or have obtained United States copyright registrations covering their respective Subject Artworks.

- 6 -

COMPLAINT

38. Prior to the acts complained of herein, Plaintiffs marketed and sold product incorporating the Subject Artworks in the apparel and consumer goods industries.

39. Following this distribution of product bearing the Subject Artworks, Plaintiffs' individual investigations each revealed that TEESPRING had misappropriated the Subject Artworks, and was selling garments and other products, including without limitation mugs, tote bags, stickers, wall art, pillows, and cell phone cases ("Product") bearing illegal reproductions and/or derivations of the Subject Artworks.

40. Plaintiffs are informed and believe and thereon allege that, without Plaintiffs' authorization, TEESPRING and others, including certain Doe defendants, created, sold, manufactured, caused to be manufactured, imported and/or distributed Product that bears artwork identical to or substantially similar to the Subject Artworks ("Infringing Product"). Such Infringing Product includes, but is not limited to, the garments and other consumer goods set forth hereunder.

41.  It is apparent from the side-by-side comparisons of the Subject Artworks and the TEESPRING Infringing Product that the elements, composition, colors, arrangement, and appearance of the designs are substantially and/or strikingly similar.  See Exhibits A through BB for comparisons of Plaintiffs' Subject Artworks and the TEESPRING Infringing Product.

42. The Subject Artworks included copyright management and attribution information, including without limitation watermarks which identified Plaintiffs as the authors of the Subject Artworks.

43. Plaintiffs are informed and believe and thereon allege that following their postings of the Subject Artworks, TEESPRING and others removed Plaintiffs' copyright management and attribution information in order to misappropriate the Subject Artworks.

COMPLAINT

# **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

44. Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

45. The exemplars pictured in the Exhibits A through BB annexed to this Complaint are non-inclusive, and allegations and claims made herein are made as to any and all uses, exploitations, and product that incorporate or bear the Subject Artworks.

46. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, had access to the Subject Artworks including, without limitation, through access to (a) Plaintiffs' web pages on other "print-to-order" websites, including without limitation RedBubble, Café Press, Design by Humans, Threadless, and Society6; (b) Plaintiffs' individual websites and/or design libraries; (c) Plaintiffs' design libraries located at their websites; and/or (d) garments manufactured and sold to the public bearing artwork lawfully printed with the Subject Artwork by Plaintiffs for their customers. Access is also established by the striking similarity between Plaintiffs' Subject Artwork and the corresponding artwork on Defendants', and each of their, Infringing Product.

47. Plaintiffs are informed and believe and thereon allege that one or more of the Defendants manufactures and screen prints apparel and/or consumer goods. Plaintiffs are further informed and believe and thereon allege that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments and other consumer goods to said retailers, which garments and other goods infringed the Subject Artworks in that said goods featured unauthorized print design(s) that were identical or substantially similar to the Subject Artworks, or were an illegal derivation or modification thereof.

48. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, infringed Plaintiffs' copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Artworks and by producing, distributing and/or selling garments and consumer goods which infringe the Subject Artworks through TEESPRING's on-line website located at www.teespring.com.

49. Due to Defendants' acts of infringement, Plaintiffs have suffered substantial damages to their businesses in an amount to be established at trial.

50. Due to Defendants' acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

51. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artworks. As such, Plaintiffs are entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiffs' rights in the Subject Artworks in an amount to be established at trial.

52. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

'

COMPLAINT

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

53. Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

54. Plaintiffs are informed and believe and thereon allege that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments and consumer goods featuring the Subject Artworks as alleged herein.

55. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

56. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to their businesses in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

57. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artworks. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs' rights in the Subject Artworks, in an amount to be established at trial.

58. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above,

- 10 -

which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## **THIRD CLAIM FOR RELIEF**

### (For Violation of 17 U.S.C. § 1202 – Against all Defendants)

59.  Plaintiffs included copyright management information ("CMI"), as that term is described in 17 U.S.C. § 1202 of the Copyright Act, on many of the Subject Artworks in the form of watermarks on their respective Subject Artworks.  Said CMI identified Plaintiffs as the authors of the Subject Artworks.

60. Defendants, and each of them, edited, altered and cropped the Subject Artwork, and removed Plaintiffs' CMI from the Subject Artworks, when creating, marketing, distributing, and selling the Infringing Products.

61.  Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, violated 17 U.S.C. §1202 by removing and altering Plaintiffs' CMI, providing false copyright management information in connection with the Subject Artwork and Infringing Products, and distributing and displaying the Infringing Products with removed, altered, and false copyright management information.

62.  Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, further violated 17 U.S.C. §1202 intentionally removing and/or altering the copyright management information, in the form of text and characters, on or around the Subject Artworks, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright

- 11 -

management information had been removed or altered without authority of the copyright owners or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

63. On information and belief, Plaintiffs allege that Defendants and/or their agents, members, and moderators removed Plaintiffs' name, logo, authorship information and other indicia of ownership from the Subject Artworks before marketing and selling the Infringing Product bearing false CMI.

64. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

65. Plaintiffs are informed and believe and thereon allege that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiffs resultantly seek enhanced damage and penalties.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as follows:

### **Against All Defendants**

#### With Respect to Each Claim for Relief

    a.  That Defendants, their agents and employees be enjoined from infringing Plaintiffs' copyrights in any manner, specifically those for the Subject Artworks;

    b.  That Plaintiffs be awarded all profits of Defendants plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, and/or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 505, 1203, *et seq.*;

- 12 -

1

      c.  That Plaintiffs be awarded their costs and attorneys' fees as available

2

          under the Copyright Act U.S.C. §§ 505, *et seq.*;

3

      d.  That Plaintiffs be awarded their costs, attorneys' fees, and statutory

4

          damages under 17 USC § 1203.

5

      e.  That Defendants, and each of them, account to Plaintiffs for their profits

6

          and any damages sustained by Plaintiffs arising from the foregoing acts

7

          of infringement;

8

      f.  That Plaintiffs be awarded pre-judgment interest as allowed by law;

9

      g.  That Plaintiffs be awarded the costs of this action; and

10

      h.  That Plaintiffs be awarded such further legal and equitable relief as the

11

          Court deems proper.

12

13

     PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

14

15

                                   Respectfully submitted

16

17

Dated: September 25, 2018       By:   */s/ Scott Alan Burroughs*

18

                                   Scott Alan Burroughs, Esq.

                                   Justin M. Gomes, Esq.

19

                                   DONIGER / BURROUGHS

                                   Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

COMPLAINT